```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,                  )   Criminal No. 5:15-CR-66-JMH-2
                                )
v.                              )
                                )
                                )
WINONA JEAN COX and             )   **MEMORANDUM OPINION AND ORDER**
WALTER WAYNE BROWN,             )
                                )
    Defendants.                 )
                                )

       **   **   **   **   **

  This matter is before the Court upon two motions in limine, one by the United States and one by Defendant Walter Brown. Each motion has been fully briefed and considered by the Court. The Court will discuss each motion in turn.

  First, the Court will address the government's motion to prohibit the defendants, their counsel, or any witnesses from making any reference, while in the presence of the jury, to either defendant's claimed status as an Indian, their claimed residence on an Indian reservation, or their claimed immunity from federal tax or criminal laws or the Court's jurisdiction. In Case No. 5:14-cr-85-JMH, Defendant Cox claimed that she was an Indian, immune from federal tax and criminal laws and that she was not subject to this Court's authority or jurisdiction. As the Court stated in that matter, "the charges against Defendant are brought

by the United States, a sovereign, by and through its attorney under the laws of the United States and in the proper forum against a defendant subject to those laws and without any privilege against or immunity from those charges." The same applies to both defendants here and they will be prohibited from making similar claims in this matter, as they are incorrect and would be likely to confuse the jury. *See United States v. Middleton*, 246 F.3d 825, 838-41 (6th Cir. 2001).

The defendants argue that if they cannot make reference to their membership in an Indian tribe, the government should not be able to make reference to it, either. Specifically, Defendants argue that three letters and an automobile insurance policy should not be admitted into evidence because they contain references to the Indian tribe. Mere references to the tribe are not excluded, however. Rather, the defendants are prohibited from putting on evidence concerning "either Defendant's claimed status as an Indian, their claimed residence on an Indian reservation, or their claimed immunity from federal tax or criminal laws or the Court's jurisdiction."

Next, the Court turns to Defendant Brown's motion in limine to exclude certain letters that he claims violate the Sixth Amendment's Confrontation Clause. *See Bruton v. United States,* 391 U.S. 123 (1968); *Crawford v. Washington*, 541 U.S. 36 (2004). The government seeks to introduce into evidence letters that Winona

Cox allegedly wrote to friends from Florida before she was arrested for failing to appear for her trial date for the tax indictment. The letters advised the friends that Cox, Brown, and their children were safe, but that they had to "get out of harm's way," quickly since she was scheduled for a jury trial. The letters went on to advise that it was okay to speak to friends about Cox and Brown but, should the Government inquire, "you have not heard from us." Finally, the letters had instructions to burn after reading. Assuming that Ms. Cox does not testify at trial, Brown argues that admitting these letters into evidence would violate *Bruton*, *Crawford*, and the Confrontation Clause.

The statements contained in these letters do not violate the Confrontation Clause, however, because they are not testimonial in nature. *See Crawford*, 541 U.S. at 68. In determining whether a statement is testimonial, the Court must ask "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *Cromer*, 389 F.3d at 675. In other words, the Confrontation Clause applies to witnesses against the accused— those who bear testimony. *Davis v. Washington*, 547 U.S. 813, 823– 24 (2006) (citing *Crawford*, 541 U.S. at 51). "Testimony, in turn, is typically a solemn declaration or affirmation made for the purpose of establishing or providing some fact." *Id.* (internal quotation marks omitted). Cox's inquiry as to whether government

officials had contacted the reader and her instructions to burn the letter can hardly be characterized as bearing testimony against Brown.  Further, statements made in furtherance of a conspiracy are inherently non-testimonial.  *United States v. Sutton*, 387 F. App'x 595, 601 (6th Cir. 2010) (citing *Crawford*, 541 U.S. at 56).  Defendants are charged with conspiring to conceal Cox—a conspiracy which allegedly continued until Cox's arrest.  The letters, if written prior to the arrest, as alleged, furthered the conspiracy by instructing Defendants' friends to avoid visiting their home in Lexington and to avoid giving information to federal agents.

    Accordingly, **IT IS ORDERED:**

    1)   That the Motion in Limine by the United States, [DE 24], is **GRANTED;** and

    (2)   That the Motion in Limine by Walter Wayne Brown, [DE 26], is **DENIED.**

    This the 6th day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge