UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 5:15-CR-00066-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| WINONA JEAN COX and | ) | **MEMORANDUM OPINION AND ORDER** |
| WALTER WAYNE BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \*

On October 6, 2015, a status hearing was conducted in this matter, in which Defendant Walter Wayne Brown moved to dismiss his appointed attorney and to proceed pro se during the jury trial of this matter. For the reasons stated on the record during the hearing, the Court denied Brown's motion and advised that Attorney Matthew Malone would continue to represent Brown in this matter. This memorandum opinion supplements the Court's reasoning for denying Brown's motion to proceed pro se.

Although the Sixth Amendment provides that a criminal defendant has the right to proceed without counsel, the right to self-representation is not absolute. *Faretta v. California*, 422 U.S. 806, 807 (1975); *Martinez v. Ct. of App. Of Cal.*, 528 U.S. 152, 161 (2000). First, a defendant's decision to represent himself must be knowingly and voluntarily made. *Faretta*, 422 U.S. at 835. In other words, the defendant must be competent to

represent himself at trial. *Indiana v. Edwards*, 554 U.S. 164, 178 (2008). The Constitution allows States to insist upon representation by counsel for those competent enough to stand trial but who still suffer from mental illness to the point where they are not competent to conduct trial proceedings by themselves. *Id*. The Court believes that Brown, while unquestionably competent to stand trial, demonstrated during the hearing on this matter that he is incapable of representing himself at trial. For instance, Brown was disruptive in the courtroom, frequently interrupting the attorneys and the undersigned. More troubling were his defense theories, which can be described as little more than gibberish. Brown vehemently maintained that the Court has committed many felonies against him and that this action actually is a matter of admiralty law. Further, Brown believes that a "federal postal judge" is the proper arbiter. Brown apparently is follower of David Wynn Miller, a self-proclaimed federal postal judge and "King of Hawaii."[1] Brown expressed his desire to defend himself using Miller's syntax theory, which has been associated with the tax protest movement. Considering the baseless and confusing nature of these notions, they are inappropriate for presentation to a jury.

---

[1] *See* http://dwmlc.com/dwm/pages/category.php?category=33 (last accessed Oct. 8, 2015).

Additionally the Court notes that defendants are required to assert the right to self-representation in a timely manner. *Martinez*, 528 U.S. at 162.  The Court is of the opinion that the day prior to the beginning of trial does not qualify in this case.

Accordingly, **IT IS ORDERED** that Defendant Walter Wayne Brown's oral motion to proceed pro se is **DENIED.**

This the 8th day of October, 2015.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge