UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Case No. |
|     Plaintiff, | ) | 5:15-CR-66-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WINONA JEAN COX and | ) | **MEMORANDUM ORDER AND OPINION** |
| WALTER WAYNE BROWN, | ) | |
| | ) | |
|     Defendants. | ) | |

\*\*\*

This matter is before the Court upon the Defendants' motions for acquittal or, in the alternative, for a new trial, [DE 53, 54]. For the following reasons, the Court will deny the defendants' motions.

Defendant Winona Jean Cox was found guilty of failing to appear for her April 21, 2015 trial, in violation of 18 U.S.C. § 3146(a)(1) (Count 1), as well as conspiracy to fail to appear for trial after release and to conceal and harbor a fugitive, in violation of 18 U.S.C. § 371 (Count 3). Defendant Walter Wayne Brown was found guilty of aiding and abetting Cox in the offense of failure to appear at trial, in violation of 18 U.S.C. § 3146(a)(1) and 18 U.S.C. § 2 (Count 2), and conspiracy to fail to appear for trial and to conceal and harbor a fugitive (Count 3). The defendants now move for acquittal pursuant to Federal Rule of Criminal Procedure 29 (Cox as to Count 2 and Brown as to Counts 2

1

and 3), arguing that the evidence was insufficient for a rational trier of fact to have found them guilty. Alternatively, the defendants move for a new trial pursuant to Federal Rule of Criminal Procedure 33.

When addressing a motion for a judgment of acquittal, the Court must view the evidence in the light most favorable to the prosecution and determine whether there was sufficient evidence presented at trial to convince a rational trier of fact beyond a reasonable doubt that all of the elements of the charged crimes have been established. *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010). The Court does not reweigh the evidence, consider the witnesses' credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). The Court gives the government the benefit of any inferences that can "reasonably be drawn from the evidence, even if the evidence is circumstantial." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004).

Brown alleges that there was insufficient evidence from which the jury could have concluded that he was guilty of the aiding and abetting charge in Count 2. Brown can be found guilty of violating 18 U.S.C. § 3146(a)(1) and 18 U.S.C. § 2 only if the following facts are proved beyond a reasonable doubt:

(1) Winona Cox committed the crime of failing to appear in court on a required date, contained in Count 1 of the Indictment;

2

(2) Walter Brown helped Winona Cox commit the crime of failing to appear; and

(3) Walter Brown intended to help Winona Cox to commit the crime of failing to appear.

Brown contends that the jury must have speculated unreasonably in order to convict him of Count 2, because the evidence did not establish that he helped Cox fail to appear for trial. The jury heard testimony, however, that Cox and Brown were married and cohabiting and that neither could be located following Cox's failure to appear for trial. The jury also heard that prior to the couple's disappearance, Brown had borrowed a Ford Explorer from his son and that a new Progressive insurance policy was issued for the vehicle, using the same name and bank account as Brown's UPS mailbox. When Brown and Cox were apprehended in Florida in July 2015, the Ford Explorer was parked outside their residence. The defendants' relationship and the sequence of events, particularly Brown's actions with respect to the Ford Explorer, led the jury to reasonably conclude that Walter Brown intentionally helped or encouraged Cox's failure to appear for her April 21, 2015 trial.

Both Brown and Cox argue that there was insufficient evidence from which the jury could conclude that they were guilty of conspiracy, as described in Count 3. To find a defendant guilty

of conspiracy, the government was required to prove, beyond a reasonable doubt, each of the following elements:

(1) Two or more persons conspired, or agreed, to commit the crime of failing to appear for trial after release or the crime of concealing or harboring a fugitive;

(2) The defendant knowingly and voluntarily joined the conspiracy; and

(3) A member of the conspiracy did the overt act described in the Indictment for the purpose of advancing or helping the conspiracy. Here, the overt act alleged in the indictment was leaving the state of Kentucky by vehicle, on or about April 20, 2015, and travelling to another state to avoid arrest and prosecution.

The defendants contend that the government failed to prove that the defendants formed an illegal agreement. They concede that both defendants were apprehended in Florida, but argue that the government did not show how or why the defendants ended up there. It is well established that a conspiracy may be inferred from "circumstantial evidence that can reasonably be interpreted as participation in the common plan." *United States v. Blakeney*, 941 F.2d 1001, 1010 (6th Cir. 1991). Here, the government introduced significant circumstantial evidence from which the jury could have, and did, reasonably conclude that both defendants agreed to commit the crime of failing to appear for trial after

release or the crime of concealing or harboring a fugitive and that they traveled by vehicle to Florida to avoid arrest and prosecution. First, the government presented evidence that both defendants had knowledge of Cox's April 21 trial date. When agents went to defendants' residence following Cox's failure to appear on April 21, the defendants, their children, and their belongings were gone. Four individuals testified that they received letters from Cox explaining that she could not contact them before leaving town because "the [United States] was setting [Cox] up for a jury trial . . . so [Cox, Brown, and their children] had to get out of harm's way immediately." *See e.g.,* Letter to Ladaria Murray at DE 26-1. Cox also told the individuals that she, Brown, and their children had been "taken into protective custody by the Aniyvwiya Nation" and that "[o]ne of the Cherokee nation of Indians' members is checking on our house." *Id.* Defendants now raise a half-hearted argument as to the authenticity of the letters. As no objection to the letters was raised at trial, and defendants have made no showing that the introduction of the letters constituted clear error, defendants' argument is without merit. *See United States v. Reeves*, 215 F.3d 1328, 1328 (6th Cir. 2000) (table).

The jury also heard Douglas Pelmear testify that he had moved into Cox and Brown's house on April 20, 2015 and that his name was added to Brown's UPS mailbox so that he could pick up Brown's mail. He also testified that he was a marshal of the Cherokee Nation.

5

Based on the Cox's letters and the testimony of Douglas Pelmear, Walter Brown's son Dalton, law enforcement agents, and others, the jury had a sufficient basis for concluding that both defendants were guilty of conspiracy as defined in Count 3.

Additionally, the defendants argue that the government introduced evidence in violation of the Court's Order of October 6, 2015, which likely caused a verdict based upon passion or prejudice rather than the facts. Contrary to defendants' contention, however, mere references to the Indian tribe were not excluded. Rather, the defendants were prohibited from putting on evidence concerning "either Defendant's claimed status as an Indian, their claimed residence on an Indian reservation, or their claimed immunity from federal tax or criminal laws or the Court's jurisdiction." The Court's evidentiary rulings at trial were in keeping with the October 6th Order.

While the defendants style their motions as seeking a new trial in the alternative to motions for acquittal, they do not present separate arguments for a new trial. When examining a defendant's motion for a new trial, the court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether to grant a new trial is left to the discretion of the trial court. *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995). As opposed to the procedure for ruling on a motion for a judgment of

6

acquittal, the court may assess the credibility of witnesses and the weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Construing the defendants' arguments in favor of a new trial, however, they are without merit. The reasons stated above support the same conclusion, as the evidence clearly supports the jury's verdict of guilty as to both defendants.

Finally, Defendant Brown, in his reply memorandum, makes reference to his pretrial request to proceed pro se as an additional ground for a new trial. On October 8, 2015, the Court denied Brown's oral motion to proceed pro se, finding that he was incapable of representing himself at trial. *See Faretta v. California*, 422 U.S. 806, 807 (1975); *Indiana v. Edwards*, 554 U.S. 164, 178 (2008). Brown's conduct during the hearing on the matter made that conclusion clear, as Brown was disruptive and spoke nonsense. Further, Brown did not assert his right to self-representation in a timely manner as he made this motion the day before his trial was set to begin. *See Martinez v. Ct. of App. Of Cal.*, 528 U.S. 152, 162 (2000). As such, there was no error in the Court's ruling denying Brown's motion to proceed pro se.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Winona Jean Cox's motion for acquittal or, in the alternative, for a new trial, [DE 53], is hereby **DENIED;** and

(2)  that Defendant Walter Wayne Brown's motion for acquittal or, in the alternative, for a new trial, [DE 54], is hereby **DENIED.**

This the 5th day of January, 2016.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge